May it please the court, your honors, my name is Thomas Beinert and along with my co-counsel Lou Feitbaum, we represent the appellant Mr. Robert Ferrante. In order for a plea agreement to be valid when scrutinized by this court, three things at a minimum must occur and be evident on the face of the hearing of the plea. Number one, that there was a proper advisal of the elements of the crime. Number two, that there was a proper inquiry with the defendant to make sure he understood how the facts alleged in the plea correlate to the elements of the crime. And number three, that there is in fact a factual basis that the court can see and find that matches the elements of the crime. In the plea of Mr. Ferrante, not any one of those was met and each one of them, by not being met, is sufficient to cause a fair and just reason to withdraw the guilty plea and put him right back where he was before he pleaded guilty. One thing that I want to highlight to remind your honors is the motion to withdraw the guilty plea was made pre-sentencing. So we have the fair and just standard which is, I would submit, fairly de minimis and it's supposed to be freely granted. But this implicates issues of constitutional importance, which is why we believe independent of the lower standard, clearly the plea agreement should be allowed to be withdrawn. Now keep in mind, your honors, we're dealing here with a bit of an interesting crime in that, reminds me back of my law school terms of malum in se and malum prohibitum. We're not dealing with something like murder or drugs or something that is easily seen as to what the crime is. We're dealing with a bit of a technical crime that ties into someone's role with a pension plan and the types of payments that they can or can't get from a pension plan. It's a bit technical and rule-oriented. And when we look at the plea agreement and when we look at the colloquy at the plea hearing, which only tracked the plea agreement, there was nothing further added, the requirements to be guilty of 18 U.S.C. 1954, getting a kickback from a pension plan, just aren't there. Counsel, there's a whole recital, series of recitals in the plea agreement and there's a colloquy as well. Surely that established that the plea agreement was entered into knowingly, voluntarily, and intelligently. You'll have to help us zeroing in specifically. Where did the court go wrong with respect to that? I'm not following you. Yes, Your Honor. Let me address that. In order to be guilty of this offense, there are sort of three critical... No, you mentioned that. You mentioned that. Where specifically? Where specifically did the court err in this particular plea agreement and the colloquy which followed it? There was never any discussion about the fact that to be guilty of this crime, you have to be a particularly prohibited actor. There are definitions in the elements of the case that don't appear in the plea agreement that you have to be. You have to be an administrator, an officer, a trustee, an employee, or the like. Let me ask specifically about that. Yes, Your Honor. It seemed to me that during the plea colloquy, he said, quote, he was an agent or employee of a pension plan. What's the plea bargain missing? The part that's missing, what he said, as I understand it, Your Honor, is that he was a consultant to the pension plan. That was the facts that were admitted to. All right. I thought I found it okay. He said he was an agent or employee of a pension plan. The elements say you have to be an agent or employee. The facts that were admitted to were literally that he was a real estate consultant of the pension plan. And therefore, neither an agent nor an employee? Is that what you're saying? Correct. That would be an open question, Your Honor. There was never any discussion of the facts that say that. The other prong of this, and what the government argues, is that even if you're not an agent or employee, if you took your actions, first of all, if you had the ability to influence the decision-making of a plan, then you could still meet the standard. But there are no facts in the record. There are no facts in the plea agreement to match that. If you look at the plea agreement, which is in our excerpts of record, they're literally like three sentences that deal with what happened factually. And it basically just says that he did get paid in the 1990s as a real estate consultant for the Glacier's plan. Monthly. Your Honor? He had a monthly stipend. Yes, Your Honor. But that independent of that, he got a finder's fee for a deal involving a bunch of other parties, senior care, partnership investments, pension investments, which was Glacier's plan made alone. And that's really the facts. Nothing more, nothing less. There's nothing that says that the finder's fee, for example, was obtained or paid because of any influence that the client had on the plan. There's nothing in the facts that say that he even had any influence on the plan. But why isn't he an agent? He may be, Your Honor. I would submit he's not an agent because as someone who is a third-party consultant who was paid to give consultation to a plan that is a factual matter, has an administrator, a fiduciary investment advisor, a board of directors, lawyers and accountants, all of whom were paid for by the plan to look out for its interest, and none of which were my client, that my client who gets a stipend as a consultant to those people does not constitute an agent for the plan. He's an independent guy. If he were an independent contractor, he wouldn't meet the standard. The reality is we don't know the answers to any of those because they don't appear in the facts that are part of the plea negotiation or plea deal. I would submit as a matter of an aside, we believe we have good facts on that for any trial, but that's a side issue. It doesn't make the connection between his role as a real estate consultant and being an agent of the plan. Separate and apart from that, the Court, Your Honor, failed by discussing with him whether or not the form of payment Before you leave that point, I'm looking at page 4 of the plea agreement, paragraph 8, stipulation. During this time, line 10, defendant was receiving monthly payments from the plan for rendering real estate consulting services to the plan. Correct. And you're saying that that's an insufficient connection with respect to the statute? Well, we're saying that we don't know based on that language, yes. But there's another distinction. Keep in mind, that payment is separate and apart from any payment relating to the first few paragraphs, which is the finder's fee for the $7 million loan commitment between the other two parties. And there's certainly no linkage between the finder's fee payment and the role as a real estate consultant. The statute doesn't require a linkage. If you're under one of those prohibited statuses, the statute infers that you are in a position to influence. The government doesn't have to prove you got a quid pro quo, you gave a letter saying this is a good investment and you got a finder's fee in the back door. The statute doesn't require that linkage. Your Honor, I submit what the statute says is they have to prove either that you had the title or the role, employee, agent, et cetera, which we don't have shown in our facts, or that the payment was at least made because of your influence on the pension plan. That doesn't appear in our facts. There is nothing in this factual pattern that shows that the finder's fee was paid because of some influence that our client had over the plan. I agree with you, Your Honor. One could try to interpret that from these facts, and there is a possibility that that would be the case. But there's also a possibility that it wasn't linked at all. There's also a possibility that the finder's fee between these other parties had nothing to do with any influence that my client did or didn't have over the plan. We just don't know from these facts. I would submit to your Honor, as a side factual matter, that what makes this unusual is as a factual matter, all of these payments, the finder's fee, were disclosed to the plan, disclosed to the administrators, disclosed to the board of directors and the attorneys. Why didn't you disclose them on his tax return? That's a separate issue as well, Your Honor. On the tax return, and I think we can agree, at least as tax cases go, this one's a little more indirect and kind of strange than some of the others. We do have defenses on the tax front. There were disclosures to the accountants as to what should or shouldn't be disclosed. This particular payment, no matter how you slice it, the legal fees, it was a business expense. It would have been a deduction from the very same tax return. So there are defenses to the tax count. But again … Income, but it was a deduction out the other side for legal fees. That would be an argument, yes, Your Honor. And as part of the requirement of the government's elements on the tax side, they have to show that he had an intention to keep something off of the return. Now, again, that's outside of the record. I don't believe it necessarily really impacts the decision here. Well, Counsel, what do we do with this passage? Now I'm looking at page 104 of the record. This is the plea hearing, the colloquy. On page 2 of the plea agreement, there's an explanation. This is the court speaking about the action. Your Honor, I apologize, but my page 104 is part of the court's general order. Are we in … Well, it's 103-104 of the record. This is the colloquy. Do I have the colloquy handy? Yes, Your Honor. I do have the colloquy at the plea hearing. I just may have different numbering there, Your Honor, and I'm not sure why. Well, it would be page 12 of the colloquy itself, I guess, the very bottom line 25. On page 2 of the plea agreement, there's an explanation about the nature of the offenses as to which you're pleading guilty. Yes, Your Honor. Okay. And then, in order for you to be guilty of count 1, the following must be true, that you were an agent or employee, and you exercised direct or indirect control over the decisions of a pension plan, et cetera. Do you understand the charges against you in counts 1 and 2? Yes, that it says the defendant. Absolutely. But that answer can only be looked at in the light of what was told to the defendant. Now, let's look at exactly what Your Honor cited. But the court is telling the defendant precisely what the statutory requirements are. Correct. And there was never any explanation as to whether or not the role that he had as a consultant at one time and then a separate finder's fee satisfies whether or not that's an agent or employee or, for example, would be a bona fide compensation payment for work that was performed. One of the key things, Your Honor, that was not done here is that under Section 1954, this statute, it expressly indicates that despite the people who can't get a payment or when a payment can't be paid, it is appropriate to pay a bona fide compensation for services actually performed. That's an incredibly important part of the elements of the crime because that shows that there's a significant limitation on the actors, the role that is punishable criminally. That admonition was never given. That element of the crime, which we set forth in our briefing, is not in the elements. And that's one of the ways that the court failed. If we look at the quotation that Your Honor just gave of what the court told the defendant, which is exactly what's in the plea agreement, it's missing big parts. It doesn't say that there has to be one of your defenses. Well, that's kind of the where do we fall on that line. I submit to Your Honor, there's a difference between what might be an affirmative defense or a defense. Gee, you had diminished capacity. Gee, maybe you didn't have the right intent. Gee, maybe you're not, you know, there are any number of defenses we normally see. It's a pretty tough area if we tell the district judges they've got to exclude all the defenses when they're taking the colloquy. And I'm not here to stand for that proposition. The question becomes, is it a critical part of the elements? I think that's the standard this court has looked at as to what the court should say. And I would submit to you that when you talk about a crime that makes it a crime because you are a certain type of actor, that is a critical part and there wasn't a full discussion or explanation of that. Number two, when it requires that there have to be a certain type of payment made, and by the way, other payments like bona fide compensation for your work is not the wrong kind of payment, I submit that's a critical factor. And that was missing from this plea colloquy and it was missing from the plea agreement. And then the third thing is, as I alluded to earlier, there has to be some exploration, both in terms of the elements required and the facts that relate to the elements, that this payment was made as a result of your position. And I agree with Your Honors that there's case law in this circuit that says you don't have to necessarily act on it, but the payment has to be made for that reason. If you look at the factual basis in this case, it's totally devoid of anything about that. It just states that as a matter of fact, a finder's fee was going to be paid to a company affiliated with Mr. Ferrante. It doesn't say why it was going to be paid. It doesn't say what the purpose was for, what was done in order to do it. And that is a missing key ingredient to a proper explanation of elements and assessment of the factual basis. What do you – how do you relate this to the Soares case, which is right on this point, because of or with intent to be influenced? I would – I would submit that the Soares case basically links the because of to one of the roles that is enumerated in the statute, because of your role as an employee, agent, counselor, administrator, et cetera. And we are not one of those definitions. We have to go into the with the intent to influence side of things, and there's no facts in the plea agreement to show that. That's the problem here. There's sort of two linkages. You can have the title, or you can have the facts that show that it was to influence your decision or you had that influence. And unfortunately, we don't have either, and that's the problem. The judge told him. One of the elements here, sir, is you've got to be an agent or employee. Or exercise control or indirect control. I agree. Yes. He said he understood that. Correct. And the problem that I see is it's a bit of – as I view it, a catch-22, because if he's relying on what the judge tells him to be the law, I would think that most people, when the judge says, this is what you need to be guilty, you'll say, I agree. But when the judge leaves out of that description key components of what it means to be guilty, which is what I submit happened here, that's what's missing, and there's no basis on the plea to be able to find that this defendant had a full understanding of what the crime was that he was guilty of, what it took to be guilty. And when one steps back and says, well, wait a minute, you mean if I were getting bona fide compensation for services that I rendered, that would be a defense and that would be something that wasn't proven as an element? It looks different. When somebody steps back and says, you mean the government would have to show that this money was paid because of my influence over the pension plan? That would be a reason to go, I don't have influence over that pension plan. I'm going to defend myself at trial. The problem is this defendant was never advised of that stuff and he was not able to make that decision. Let me read the – I cut short part of it when I read it before, but here's the entire sentence. In order for you to be guilty of count one, the following must be true, that you were an agent or employee of a pension plan or otherwise exercised direct or indirect control over the decisions of a pension plan, you solicited or received a commission, and the commission was received because of your actions or duties relating to a matter concerning the pension plan. Right. Isn't that a pretty thorough explanation of what the crime is and what he did to be guilty? No, Your Honor, because we can only gauge whether what he did to be guilty meets that against the facts. So you have to look at that and compare it to the factual basis that's set forth in the plea agreement. And if you look at the factual basis, it doesn't say he's an agent or employee. It doesn't say that he exercised direct or indirect control over the decisions. It doesn't say that the commission was received because of his actions or duties with the pension plan. That's the problem. It's devoid of all that. The interesting thing is the fact that the judge states it in open court is of no relevance if it's not stated in heck verba in the plea agreement itself. No, I think you can look at the two, Your Honor. Here's what I'm saying. There's sort of two components to a good plea agreement, and then you have to find that they mesh properly. One is a proper advisal as to what has to be proven in order for you to be guilty. And then second is, now let's look at what you did here. Let's look at the facts that you submit to, and let's see how much they mesh and meet all the components. I would submit, Your Honor, that the court didn't give the proper recipe for what you need to be guilty to begin with. And that's the pitfall in quoting this language. But let's assume, Your Honor, that everything was done properly in the advisal. Now we've got to look at the facts. Does this recipe contain what you need to actually meet this? And if you look at the facts, it's three sentences, I think, that Your Honor's already alluded to a little bit. They're not there. There's no facts indicating he had the right role. That's paragraph 8 of the plea agreement? Yes, Your Honor. Now I realize I just have a couple other minutes, so let me just touch on a couple of key things, and then hopefully I have one minute left for rebuttal. Number one, because of the concept of packaging and the practical reality that when one count, in particular the driving count of a plea agreement, is invalid, then I would submit that the second count, in this case a lesser tax count, is going to be bundled in and that as a practical matter, the person's knowledge base or knowing and voluntary aspect of taking the second count is affected by the first count being gone. And that because of that, it's a fair and just reason to not only be able to withdraw the first count, which was legally insufficient, but the second. And the main thing I'd point out is if you look at footnote 1 of the plea agreement, it flat out indicates that the parties agree that the tax count adds nothing to sentencing here. This entire case is sentenced based on the kickback count. And when you remove that out, it changes the equation and he's got a fair and just reason to withdraw his guilty plea to the tax count because now it has significance that it didn't before. Final thing that I think is important on the issue of restitution, which I'd submit we shouldn't have to get to because we should be back at no plea, but assuming there's a sentencing. The key thing here is there is never any finding that restitution money, that the money involved was paid by the Glacier's pension plan. Yet the court ordered that restitution be paid to the Glacier's pension plan. You have an outfit called Senior Care, you have an outfit called La Jolla Village Towers and you have this third partnership. It's our position that the restitution should be paid to one of the other entities because they there was never any facts to find that Glacier's paid the $200,000 in play, and that's why the order of payment of $200,000 at Glacier's was improper. On that basis, Your Honor, I submit and reserve. So it doesn't matter. You're not, we'll put it this way, are you conceding then that restitution should be paid, but you're questioning the recipient? Yes, Your Honor. Why does the defendant care? The defendant cares because the actual payment of the money was paid by a separate entity than the Glacier's and one that he later had a business affiliation with. It has to do with where the money actually goes and who actually winds up getting the benefit of it. It was them to get the benefit because he has some ownership in them. I don't know if he still does, but he did at one time and that meant that... He also gets to keep the benefit that was the result of the payment to him, which Glacier's of course doesn't get. They lose both the benefit that those entities got and they lost the little commission that he got. Well, first of all, Your Honor, assuming the facts were that way, that could be true, but those aren't the facts. There's no evidence that the Glacier's didn't get the benefit of whatever deal they did on this La Jolla Village town. It was the two entities that got the benefit. They got a loan, at least that's the purpose of the statute, to prevent. They got a loan, which they would not have gotten except for his commission that directed the business to them. And I'll end with saying, if the facts are that way, I agree. The problem is, Your Honor, there's nothing in the facts here to show that they got that loan and wouldn't have gotten it except for Mies Klein's role. And that's at the heart of the problem here. Thank you very much, counsel. Thank you, counsel. Your time has expired. Ms. McNally? Thank you, Your Honors. As the Court has acknowledged, my name is Kendra McNally. I'm a former assistant United States attorney, and I have been assigned to the prosecution of this case since the motion to withdraw, but not before that. The defendant views this guilty plea through a kaleidoscope, which invokes a number of different standards of error, or, excuse me, standards of review, none of which, in this case, bring this Court to the conclusion of any error. The defendant begins by challenging the district court's denial of his motion to withdraw his guilty plea, which is, of course, reviewed for an abuse of discretion, but then starts talking about the elements of the plea and doesn't address, really, whether or not the district court abused its discretion. The government submits there's no basis for finding that the court did. With respect to whether or not the defendant was a so-called prohibited actor within the statute, that sores a decision by another panel of this Court, and in that case, the defendant was designated as an investment advisor. He was not a person who held one of the formal titles within the statutory descriptions, yet that aspect of his guilt was not challenged. That case, I believe, was a bench trial, and the defendant was found guilty, notwithstanding the fact that he did not hold the title. Of course, that specific issue was addressed by the Second Circuit in United States v. Schwimmer, cited by the government in its brief to this Court. He performed the functions, even though he didn't hold the title. Yes, Your Honor. And in sores, it's acknowledged that the defendant was the, I'm putting that with undue emphasis, investment advisor for the pension plan involved there, and there was no exclusivity assigned to the defendant in this case. However, the factual basis and the elements of his crime were both stated clearly, that he was being charged for obtaining a $7 million loan commitment for Senior Care, Inc., from the pension plan. Counsel, opposing counsel, keep saying that there's no factual basis in the plea agreement that he's an agent or that he used his influence to do these things. What is your response to that? I have two responses, Your Honor. First of all, the factual basis does include the statement of the reciprocity of the loan for the defendant's influence, that is, for obtaining the loan. Where? In the plea agreement, Your Honor. Whereabouts? It's in the government's excerpt of records at page 24, paragraph 8, and it's line 7. I'm looking at the plea agreement for defendant Ferranti. What page of the plea agreement? I'm looking at page... Page 4 of the plea agreement, page 24 of the government's excerpt of records. Okay. Now, what line? You're talking about paragraph 8, and we talked about that with the opposing counsel. Right. What are you relying on in paragraph 8? The initial – the introductory sentence, Your Honor, which states the defendant would receive a finder's fee for obtaining a $7 million loan commitment from the Southern California and Arizona Placers Pitching Company. All right. What is illegal about that? Well, it doesn't become illegal until the defendant is identified as a real estate advisor – investment advisor to the pension plan. All right. Is that in that same paragraph? Yes, it is, Your Honor. Show me. In the next sentence, Your Honor, during this time, the defendant was receiving monthly payments for the plan for rendering real estate consulting services to the plan. Yes. But does that close the link? I mean, counsel was quite energetic in his attack on the inadequacy of paragraph 8, and I'm not sure you've responded yet. But, Your Honor, I agree it could be more artfully drawn, as the district court also found, and I agree that it is not as explicit as defense counsel would like it, but I also know that the standards articulated by this Court's previous panels in Lameau and Reina Tapia do not require the district court to find more than probable a reason to believe that the defendant was guilty. Using reasonable inferences from the fact that the defendant was, in fact, a real for obtaining a loan commitment, it's not — those inferences are very straightforward, are not complex, and are certainly of the nature the defendant, an admitted law school graduate, would have understood at his plea colloquy. But, counsel, the statute explicitly exempts from the purview of criminal liability, bona fide salary, compensation, or other payments made for goods or facilities actually furnished, or for services actually performed in the regular course of duties. And if there were imposed on the district court a burden to explain to the defendant or all the exceptions or the defenses to a claim, as opposed to his counsel undertaking that role, then there would have been error in this proceeding. Well, that statute exempts, of course, the monthly salary that he got. He didn't violate any statute because he took a monthly salary from the pension plan. Correct. Correct, Your Honor. It doesn't exempt a commission, or, of course, an under-the-table payment. What was designated. But it doesn't exempt a compensation that he got from another source while he had the status of consultant. It only disqualifies that if he receives it because of his duties with respect to the pension plan. Not because of his position with respect to the pension plan, but because of his duties with respect to them. That's part of the statutory language. What about a finder's fee here? Where does that fall? Well, the statute includes commissions, fees, and anything of value. And although it's described in the plea agreement as a commission, in fact, in the charging device of the information, it's described as a finder's fee. And in the pre-sentence report, it's described as a finder's fee. So, for example, there'd be clear exemption for a loan broker, who also serves as an advisor, who has a clear arrangement with the pension plan that when I bring you loans, I'm also getting a broker's commission. I'm getting a 5% broker's commission. That's the cost of doing loans with you. In other words, I'm a seller of loans to you. If there's a clear understanding of that, that statute could exempt that kind of compensation. Well, Your Honor, the mortgage broker isn't employed by, isn't working for, doesn't have duties to. Well, he could be in addition on the side. If he had that additional role, yes. But he could also be a mortgage broker and retained by the pension fund to provide a portfolio of loans to purchase. And it's clearly disclosed, he or she gets 5% as a broker's commission. And that brings the Court to another point, which is the defense's emphasis on the fact that these, this finder's fee in particular was disclosed to all the parties. None of that evidence was in the record at the time of defendant's guilty plea. And it's not supported by any factual statement from the defendants or the parties. There has been no evidence submitted to support the claim that it was, in fact, disclosed. The state of the record right now is silent with respect to that. It would have been very helpful, if you don't mind my saying so, that if something in paragraph 8 would have suggested undisclosed, impermissible, something to tie that knot. To say the exemption doesn't apply. Well, Your Honor, in a saying my mother has, hindsight is 20-20. That's also, that's true. And it is also a matter of record in the guilty plea colloquy at the outset that defendant's counsel mentions the extensive negotiations which required the signing of multiple versions of this document in order to reach this point. The fact that it was carefully negotiated is another reason, is another inference that could be made. Well, is the exemption more like a defense, which doesn't have to be listed by the judge or in the plea agreement as part of the elements? Or is it more like a critical part of the elements that does need to be explained? Your Honor, since it's an exemption, the government casts it as a defense. I'm not aware of a case that's determined that or statutory history that states that. But I believe that the language of the statute itself, which lays it out as an exception, not as part of the body of it, of the statute finding what is guilty, that it has to be considered a defense. The Court has no further questions? No further questions. Thank you, Counsel. The case just argued will be submitted for decision, and the Court will take its morning recess. All rise. The time of the Court's pending recess. The time of the Court's pending recess.
judges: Dw Nelson, O'scannlain, Jones